# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AT&T CORP.<br>ONE AT&T WAY<br>BEDMINSTER, NJ 07921,<br><br>     Petitioner,<br>v.<br><br>THE EAGLE ALLIANCE<br>2711 TECHNOLOGY DRIVE<br>ANNAPOLIS JUNCTION, MD 20701<br><br>     and<br><br>COMPUTER SCIENCES CORP.<br>3170 FAIRVIEW PARK DRIVE<br>FALLS CHURCH, VA 22042<br><br>     and<br><br>CSC GOVERNMENT SOLUTIONS LLC<br>3170 FAIRVIEW PARK DRIVE<br>FALLS CHURCH, VA 22042<br><br>     Respondents. | Misc. Case No. _____ |

## AT&T CORP.'S MOTION TO MODIFY SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND STAY COMPLIANCE PENDING RESOLUTION OF MOTION

AT&T Corp. ("AT&T"), pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), respectfully moves this Court to modify a Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena") issued by the United States District Court for the District of Maryland, by staying compliance with the Deposition Subpoena and requiring the parties to confer about rescheduling the requested deposition, should one ultimately be necessary, for a mutually agreeable time once AT&T has responded to an additional, related subpoena which requires the production of documents. As discussed in the accompanying memorandum of

2

points and authorities, the Deposition Subpoena should be modified because it fails to allow a reasonable time to comply and it subjects AT&T to an undue burden. A proposed order is attached. In accordance with Local Rule 7(m), counsel for AT&T conferred in good faith with counsel for the issuing party, The Eagle Alliance, et al. Counsel were unable to resolve the issues presented by this motion.

Respectfully submitted this 26th day of January, 2016,

/s/ Robert J. Conlan
Howard J. Stanislawski (D.C. Bar: 412699)
Robert J. Conlan (D.C. Bar: 450921)
Justin A. Benson (D.C. Bar: 1014527)
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
hstanislawski@sidley.com
rconlan@sidley.com
jbenson@sidley.com

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AT&T CORP.<br>ONE AT&T WAY<br>BEDMINSTER, NJ 07921,<br><br>    Petitioner,<br>v.<br><br>THE EAGLE ALLIANCE<br>2711 TECHNOLOGY DRIVE<br>ANNAPOLIS JUNCTION, MD 20701<br><br>    and<br><br>COMPUTER SCIENCES CORP.<br>3170 FAIRVIEW PARK DRIVE<br>FALLS CHURCH, VA 22042<br><br>    and<br><br>CSC GOVERNMENT SOLUTIONS LLC<br>3170 FAIRVIEW PARK DRIVE<br>FALLS CHURCH, VA 22042<br><br>    Respondents. | Misc. Case No. _____ |

### AT&T CORP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO MODIFY SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION AND STAY COMPLIANCE PENDING RESOLUTION OF MOTION

AT&T Corp. ("AT&T") respectfully submits this memorandum in support of its motion to modify the Subpoena to Testify at a Deposition in a Civil Action that Respondents The Eagle Alliance, Computer Sciences Corporation and CSC Government Solutions LLC, (the "Respondents") served on January 12, 2016.

### INTRODUCTION AND BACKGROUND

Respondents are plaintiffs in a civil action they are presently prosecuting in the United States District Court for the District of Maryland against an individual named Anthony

Quattrone ("Quattrone"), who is a former employee of AT&T. That lawsuit, which is captioned *The Eagle Alliance, et. al. v. Quattrone*, No. 1:15-cv-02695 (JKB) (D. Md.), alleges generally that Quattrone misappropriated proprietary information belonging to Respondents. AT&T is <u>not</u> a party to that lawsuit.

On January 12, 2016, Respondents served AT&T (improperly identified in the subpoenas as AT&T Government Solutions), through CT Corporation, with two separate subpoenas under Rule 45 of the Federal Rules of Civil Procedure. One is a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Document Subpoena"), and a copy of it is attached hereto as Exhibit A. The other is a Subpoena to Testify at a Deposition in a Civil Action (the "Deposition Subpoena"), and a copy of it is attached hereto as Exhibit B. The Document Subpoena seeks, among other things, documents and correspondence relating to Quattrone's employment by AT&T and investigations regarding the Quattrone's purported conduct concerning alleged proprietary information of Respondents. The Deposition Subpoena requires AT&T to designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on AT&T's behalf about various matters set forth in Attachment A to the Deposition Subpoena, including matters relating to the Quattrone's employment by AT&T as well as AT&T's response to, and the authenticity of documents to be produced in response to, the Document Subpoena. The designated person is commanded to appear at Vedder Price P.C., 1401 I ST NW, Suite 1100, Washington, DC 20005, on February 1, 2016 at 9:30 a.m.

After receiving copies of both subpoenas from CT Corporation, AT&T retained the undersigned counsel to represent it in responding to the subpoenas. Counsel for AT&T telephoned counsel for Respondents on January 20, 2016, and requested that AT&T be permitted

4

thirty (30) days to identify and produce any documents responsive to the Document Subpoena, and that counsel for Respondents agree to discuss rescheduling the deposition, should one be necessary, for some time after AT&T produces documents responsive to the Document Subpoena.  Counsel for Respondents declined but indicated she would discuss the matter further with her clients.  To date, counsel for Respondents has not responded further.  AT&T served its objections to the Document Subpoena on Respondents on January 21, 2016.  In the objections, attached hereto as Exhibit C, AT&T makes clear that it is unreasonable and unduly burdensome to require AT&T to identify, review, process and produce non-privileged, responsive documents within ten (10) days, as called for by the Document Subpoena.  AT&T also makes clear that it expects to comply with the Document Subpoena expeditiously, on or before February 19, 2016.

Still having heard nothing more from Respondents' counsel, counsel for AT&T sent an email today, January 26, 2016, to Respondents' counsel, inquiring again about the Deposition Subpoena.  A copy of this email is attached as Exhibit D.  As of this filing, counsel for Respondents has not responded.

As discussed in greater detail below, AT&T submits that it is patently unreasonable, and unduly burdensome, for Respondents to demand compliance with the Deposition Subpoena by February 1, 2016.  AT&T is in the process of identifying documents responsive to the Document Subpoena, which given the substantial overlap between the two subpoenas is a necessary first step in complying with the Deposition Subpoena.  AT&T has committed to completing its document production by February 19, 2016.  Accordingly, AT&T submits that the Deposition Subpoena should be modified to continue the deposition date and direct the parties to discuss rescheduling the requested deposition, if one is needed, for a mutually agreeable date after February 19, 2016.

# ARGUMENT

I. **The Deposition Subpoena Is Unreasonable and Unduly Burdensome and Should Be Modified to Permit the Parties to Schedule the Deposition for a Date After AT&T Identifies, Reviews and Produces Non-Privileged Documents Responsive to the Related Document Subpoena**

A district court "must quash or modify a subpoena that," either "fails to allow a reasonable time to comply" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). "[T]he text of Rule 45 makes quite clear that the parties and attorneys who issue subpoenas have an affirmative duty to prevent undue burden or expense to the persons subject to the subpoena." *Phillips & Cohen, LLP v. Thorpe*, 300 F.R.D. 16, 18 (D.D.C. 2013) (internal quotation marks omitted). "The 'undue burden' analysis 'requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties.'" *Educ. Fin. Council v. Oberg*, No. 10-mc-0079, 2010 WL 3719921, at *2 (D.D.C. Mar. 8, 2010) (quoting *Watt v. SEC*, 482 F.3d 501, 509 (D.C. Cir. 2007)). As a result, "courts must 'safeguard non-party subpoena recipients from significant expense resulting from compliance.'" *Id.* (quoting *In re Fannie Mae Secs. Litig.*, 552 F.3d 814, 821 (D.C. Cir. 2009)).

Here, Respondents have provided no explanation for why AT&T must identify and prepare an individual who is competent to testify at a deposition before AT&T had has a reasonable opportunity to identify, review and produce non-privileged documents responsive to the Document Subpoena, which overlaps substantially with the Deposition Subpoena. Indeed, Respondents' insistence on having an AT&T representative testify before document production is essentially impossible because Attachment A to the Deposition Subpoena makes clear that the individual identified to be deposed should be prepared to testify as to "[a]ll actions taken by AT&T to comply with the [Document Subpoena] served contemporaneous with the [Deposition

Subpoena]," and to the "authenticity of the records produced by AT&T pursuant to the [Document Subpoena]."

As discussed above, AT&T has served Respondents with its Objections to the Document Subpoena and has committed to responding to the companion Document Subpoena on or before February 19, 2016. Without having first been given a reasonable opportunity to respond in full to the Document Subpoena – including by identifying, reviewing and analyzing potentially responsive records, preparing its formal responses to the Document Subpoena, and preparing any responsive, non-privileged documents for production – it is unreasonable and unduly burdensome for AT&T to be forced to make available an individual who is competent to testify as to either the substantive issues to which the documents ultimately produced will relate, or to its production efforts generally and the authenticity of documents that it has not yet identified or produced. As such, AT&T respectfully submits that this Court is required by Fed. R. Civ. P. 45(d)(3)(A) to modify the Subpoena because it fails to give AT&T a reasonable amount of time to comply and because it subjects AT&T to an undue burden. AT&T respectfully requests that the Court modify the Deposition Subpoena by staying compliance with it and requiring the parties to confer about rescheduling the requested deposition, should one ultimately be necessary, for a mutually agreeable time after February 19, 2016, the date by which AT&T has agreed to respond to the Document Subpoena.

## CONCLUSION

For the foregoing reasons, the Court should grant AT&T's Motion to Modify the Deposition Subpoena and enter an Order providing that the deposition called for by the Deposition Subpoena is stayed and directing the parties to confer about rescheduling the deposition, should one be necessary, for a mutually agreeable date after February 19, 2016.

Respectfully submitted this 26th day of January, 2016,

        /s/ Robert J. Conlan
        Howard J. Stanislawski (D.C. Bar: 412699)
        Robert J. Conlan (D.C. Bar: 450921)
        Justin A. Benson (D.C. Bar: 1014527)
        SIDLEY AUSTIN LLP
        1501 K Street, N.W.
        Washington, D.C. 20005
        Telephone: (202) 736-8000
        Facsimile: (202) 736-8711
        hstanislawski@sidley.com
        rconlan@sidley.com
        jbenson@sidley.com

ACTIVE 212456423v.1

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AT&T CORP., <br><br> Petitioner, <br><br> v. <br><br> THE EAGLE ALLIANCE, et. al., <br><br> Respondents. | Misc. Case No. _____ |

**[PROPOSED] ORDER**

UPON CONSIDERATION OF the Motion of AT&T Corp. to Modify Subpoena (the "Motion"), the memorandum in support thereof, Respondents' opposition, if any, it is by the Court this _____ day of _____ 2016, ORDERED

That the Motion is GRANTED; and it is further ORDERED

That the subpoena directed to AT&T Corp. (improperly identified in the subpoena as AT&T Government Solutions) is hereby modified insofar as it demands the testimony of an individual identified by AT&T Corp. at a deposition prior to the production of documents. Compliance with the subpoena is hereby stayed and the parties are directed to confer about rescheduling the deposition, should one be necessary, for a mutually agreeable date after February 19, 2016.

_____
United States District Judge

9

## CERTIFICATE OF SERVICE

I, Robert J. Conlan, hereby certify that, on this 26th day of January, 2016, I caused a copy of the foregoing AT&T Corp.'s Motion to Modify Subpoena to Testify at a Deposition in a Civil Action, along with a Civil Cover Sheet, to be served via Federal Express, Next-Day Delivery, and by Electronic Mail, upon Amy Bess and Sadina Montani, Vedder Price, P.C., 1401 I Street NW, Suite 1100, Washington, D.C. 20005.

/s/ Robert J. Conlan
Robert J. Conlan